# EXHIBIT C

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made and entered into by JULIA SINQUMANI ("Plaintiff"), on the one hand, and JOSEPH DEL NOSTRO ("Defendant"), on the other hand.  Plaintiff and Defendant are referenced jointly herein as "the Parties."

## RECITALS

WHEREAS, the Complaint in the matter entitled *Julia Sinquimani vs. Joseph Del Nostro, and DOES 1 through 50, Inclusive*, Case No. BC583480, was filed on May 28, 2015 in the Los Angeles County Superior Court, Central District in connection with an incident that occurred on June 7, 2013 at 923 Hilldale Avenue, West Hollywood, California 90069 (hereinafter referred to as the "Action");

WHEREAS, Defendant denies any wrongdoing in any manner whatsoever and further deny all material allegations in relation to all of the causes of action, claims or any other matter pertaining to the Action;

WHEREAS, there has been no determination on the merits of any claims in the Action;

WHEREAS, the purpose of this Agreement is to memorialize in writing that the Parties have settled, fully and finally, all differences between the Parties, up to and including the date of execution hereof, including all claims that have been brought, or could have been brought, prior to the execution of this Agreement.

NOW, THEREFORE, in consideration of the terms, conditions, and promises set forth herein, it is agreed as follows:

## TERMS AND SETTLEMENT

1.     **Non-admission of Liability; Agreement Not Evidence.**  This Agreement is entered into and memorializes the compromise of disputed claims.  The Parties, individually and jointly, acknowledge that the execution of this Agreement and the payment of consideration or any other obligation hereunder is not and shall not be construed in any way as an admission thereof of the truth of any of the matters alleged in the Action, or of any liability or wrongdoing whatsoever.  Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by any party, except as specifically stated herein.  The Parties intend, by this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation. This Agreement may be introduced in any proceeding only to enforce the Agreement.

2.     **Monetary Consideration.** In consideration for Plaintiff's promises made herein Defendant agrees to pay JULIA SINQUIMANI the total sum of **One Million Five Hundred Thousand Dollars ($1,500,000.00)** lawful money of the United States of America, the receipt of which is hereby acknowledged, in exchange for a dismissal of the entire Action against

SETTLEMENT AGREEMENT AND RELEASE                                                     Page 1

Defendant, with prejudice, and the original executed Agreement.  The payments shall be made as follows:

Payments are to be made to JULIA SINQUIMANI, as follows:

(a)     Travelers Property Insurance Casualty Company agrees to pay JULIA SINQUIMANI the total sum of Five Hundred Thousand Dollars ($500,000.00) on behalf of Defendant JOSEPH DEL NOSTRO.

(b)     Pacific Specialty Insurance Company agrees to pay JULIA SINQUIMANI the total sum of One Million Dollars ($1,000,000.00) on behalf of Defendant JOSEPH DEL NOSTRO.

Further, in consideration of said settlement sum, Plaintiff agrees, represents and warrants as follows:

(a)     Plaintiff represents that there are no liens, or claim of liens, subrogation rights, or assignments in law or equity, or otherwise, of, or against, the claim or cause of action herein; further that Plaintiff is entitled to give this complete release and discharge.

(b)     Plaintiff abandons and dismisses with prejudice all causes of action growing out of the subject incident(s), casualty, or event(s), including this Action against Defendant, and will file with the Court a Request for Dismissal of the Action against Defendant, with prejudice, within five days after clearance of the funds due and payable to Plaintiff as specified above in the bank in which they are deposited by Plaintiff's counsel.

(c)     Plaintiff will indemnify and hold harmless the parties herein released, from any loss, claim, expense, demand, or cause of action arising from any lien of any kind or character connected with the subject matter of this Settlement Agreement.

3.     **No Filings.**  Plaintiff represents that other than the subject Action identified above they have not filed any action, lawsuit, claim, charge, or complaint against any other party or any other Releasee identified in Paragraph 4 below, with any local, state, or federal agency or court.

4.     **Release of All Claims, Known and Unknown.**  In consideration for the promises set forth in this Agreement, Plaintiff hereby expressly for herself and for her heirs, representatives, attorneys, executors, administrators, successors and assigns -- releases, acquits, and forever discharges JOSEPH DEL NOSTRO, TRAVELERS PROPERTY INSURANCE CASUALTY COMPANY, and PACIFIC SPECIALTY INSURANCE COMPANY, and each of them, their heirs and assigns, predecessors, successors, related entities and its and their agents, principals, servants and representatives (all of whom are hereinafter referred to as "Releasees"),

SETTLEMENT AGREEMENT AND RELEASE                                          Page 2

from any and all actions, causes of action, grievances, obligations, costs, expenses, damages, losses, claims, liabilities, suits, debts, demands, and benefits of whatever character, in law or in equity, known or unknown, suspected or unsuspected, matured or unmatured, of any kind or nature whatsoever, based on any act, omission, event, occurrence, or nonoccurrence from the beginning of time to the effective date of this Agreement.

For purposes of implementing a full and complete release, Plaintiff expressly acknowledges that the release in this Agreement is intended to include in its effect, without limitation, claims that Plaintiff does not know or suspect to exist in her favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration under the Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims. Plaintiff further expressly waives and relinquishes any and all rights which she may have under the provisions of Section 1542 of the California Civil Code or similar statute of the United States in connection with the Action. Said Section 1542 reads as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

5.      **Entire Agreement.** This Settlement Agreement and Release contains the entire agreement between the Parties with regard to the matters set forth herein. This Agreement supersedes all prior agreements or understandings, whether written or oral, of the Parties hereto relating to the subject matter hereof and incorporates the entire understanding of the Parties with respect thereto. In the event of uncertainty in the terms of the Agreement, such uncertainty shall be resolved fairly and in accordance with the intent of the Parties as set forth herein, and without regard to which Party caused the uncertainty to exist.

6.      **Full and Independent Knowledge.** Plaintiff represents that she has been given the opportunity to be represented by counsel throughout all negotiations which preceded the execution of this Agreement and that this Agreement has been executed with the consent and upon the advice of counsel, or with Plaintiff's informed decision to forego such representation. Plaintiff acknowledges that no person or entity, including but not limited to a Party or agent or attorney of any other Party, has made any promise, representation, or warranty, express or implied, not contained in this Agreement, to induce Plaintiff to execute this Agreement. Plaintiff has read this Agreement, agrees to the provisions it contains, and hereby executes it voluntarily with full understanding of its consequences.

7.      **Successors.** This Agreement shall be binding upon the Parties, and their executors, administrators, successors, heirs, representatives, executors, administrators, successors, insurers, and assignees, and shall insure to the benefit of each and all of the Parties

SETTLEMENT AGREEMENT AND RELEASE                                                            Page 3

and each and all of the Releasees, and to their heirs, representatives, executors, administrators, successors, and assignees.

        **8.**      **Voluntary Nature of Agreement.**  Plaintiff understands and agrees that prior to execution of the agreement she has had a reasonable time within which to consider this Agreement before executing it.

        **9.**      **No Representations.**  Plaintiff acknowledges that, except as expressly set forth herein, no representation of any kind or character has been made to induce the execution of this Agreement.

        **10.**    **Ownership of Claims.**  Plaintiff represents that she has not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim described in this Agreement.

        **11.**    **Governing Law.**  This Agreement shall be governed by and interpreted under the laws of the State of California applicable to contracts made and to be performed entirely within such state.

I understand that the payment of the aforesaid sums is in payment and settlement of a disputed claim, and that the said payment is not to be construed as an admission of liability upon the part of the Defendant, persons, firms or corporations hereby released by whom liability is expressly denied.  Also, if any part(s) of this Settlement Agreement is determined to be unenforceable, the rest of the Settlement Agreement will not be affected, and will be enforceable.

**IT IS HEREBY AGREED:**

DATED: FEBRUARY 1   2017

_____
JULIA SINQUIMANI


**APPROVED AS TO FORM AND CONTENT.**


Dated: FEBRUARY 1   2017

_____
Paul R. Kiesel, Esq.
Steven D. Archer, Esq.
KIESEL LAW LLP
Attorneys for Plaintiff,
JULIA SINQUIMANI

SETTLEMENT AGREEMENT AND RELEASE                                    Page 4